### In re HOWLEY–DRESSER CO.

(District Court, S. D. New York. September 13, 1904.)

1. BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—COPYRIGHT.
   A copyright for a publication held under an absolute assignment from the author to the assignee, his successors and assigns, is property of the assignee, which passes to his trustee in bankruptcy.

In Bankruptcy.

Hays & Hershfield, for Theodore F. Morse, petitioner.
Henry Lesser, for receiver.

HOLT, District Judge. This is a motion that the receiver execute and deliver to Theodore F. Morse an assignment of the copyrights

held by the bankrupts of certain songs composed by Morse. The moving party relies on the case of Re McBride & Co., 132 Fed. 285, 12 Am. Bankr. R. 81. In that case the bankrupt held the record title to certain copyrights under an agreement by which it agreed to publish the copyrighted books. The agreement contained provisions that upon any failure to perform the agreement all of said copyrights should revert to and become the exclusive property of the author, who in that event had an option to purchase the plates used at a fixed price, and also contained a provision that no assignment or transfer of any interest in the copyrights should be valid unless made with the written consent of the author. I think, in that case, the contract amounted, in substance, to an agreement for the publication of the book, the publisher having no right to transfer the copyright, and the author retaining the right to take it back if the particular publisher chosen did not continue the publication. It was held in that case that the contract involved personal trust and confidence, and that it could not be assigned to another by the trustee in bankruptcy without the author's consent. By the contract in this case there was an absolute and unqualified assignment of the copyrights to the bankrupts and their successors or assigns. I think it clear that in such a case the copyright is a part of the bankrupts' property which passes to the trustee in bankruptcy. The bankrupt act (Act July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) explicitly so provides. It has been so held under previous bankrupt acts. Lowell on Bankruptcy, § 318; Drone on Copyright, p. 322. The question always is in such cases whether the agreement is merely an arrangement to publish under the copyright or an actual transfer of the copyright. Reade v. Bentley, 4 Kay & John. 656.

Motion denied.